UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CHRISTINE DAVIS and
CINDY COLLINS,
on behalf of themselves and
all others similarly situated,

        Plaintiffs,

    v.

EDEN SENIOR CARE LLC
8170 McCormick Boulevard, Suite 112
Skokie, Illinois 60076

       and

PARKVIEW NURSING AND REHAB, LLC
8170 McCormick Boulevard, Suite 112
Skokie, Illinois 60076

       Defendants

Case No. 21-cv-823

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiffs, Christine Davis and Cindy Collins, on behalf of themselves and all other

similarly situated current and former hourly-paid, non-exempt employees of Defendants, Eden

Senior Care LLC and Parkview Nursing and Rehab, LLC, for purposes of obtaining relief under

the FLSA and WWPCL for unpaid overtime compensation, unpaid regular and agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate Plaintiffs and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic timeclock rounding) from said employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL; (2) failing to compensate said employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in duration, in violation of the WWPCL, which resulted in overtime violations of the FLSA; (3) failing to compensate said employees for "off the clock" hours worked and work performed each work day and each workweek at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge, in violation of the FLSA and WWPCL; and (4) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

3. Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts, including multiple physical locations, in this District.

## PARTIES

7.     Plaintiff, Christine Davis, is an adult female resident of the State of Wisconsin residing at 819 Linden Drive, Green Bay, Wisconsin 54311.

8.     Plaintiff, Cindy Collins, is an adult female resident of the State of Wisconsin residing at 435 Riverwood Lane, Green Bay, Wisconsin 54313.

9.     Defendant, Eden Senior Care LLC, was, at all material times herein, an Illinois entity doing business in the State of Wisconsin with a principal address of 8170 McCormick Boulevard, Suite 112, Skokie, Illinois 60076.

10.     Defendant Eden Senior Care owns, operates, and manages skilled nursing facilities and assisted living facilities throughout the States of Minnesota and Wisconsin.

11. Defendant, Parkview Nursing and Rehab, LLC, was, at all material times herein, an Illinois entity doing business in the State of Wisconsin with a principal address of 8170 McCormick Boulevard, Suite 112, Skokie, Illinois 60076.

12. Defendant, Parkview Nursing and Rehab, commonly known as "Edenbrook Green Bay," is a skilled nursing facility located at 2961 Saint Anthony Drive, Green Bay, Wisconsin 54311.

13. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant Eden Senior Care owned, operated, and managed Defendant Parkview Nursing and Rehab and the "Edenbrook Green Bay" location, located at 2961 Saint Anthony Drive, Green Bay, Wisconsin 54311.

14. For purposes of the FLSA, Defendants were "employers" of "employees," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

15. For purposes of the WWPCL, Defendants were "employers" of Plaintiffs, and Plaintiffs were "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

16. During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

17. During the relevant time periods as stated herein, Defendants, both individually and collectively, employed more than two (2) employees.

18. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, both individually and collectively, exceeded $500,000.

19. During the relevant time periods as stated herein, Plaintiffs were engaged in commerce or in the production of goods for commerce.

20. Plaintiffs' Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) were contemporaneously filed with the Complaint (ECF No. 1).

21. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs worked as hourly-paid, non-exempt employees in the positions of Licensed Practical Nurse at Defendants' "Edenbrook Green Bay" location.

22. Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1). Plaintiffs and all other current and former hourly-paid, non-exempt employees on whose behalf they bring this Complaint performed compensable work in the same or similarly-titled positions subject to Defendants' same unlawful compensation policies and practices as enumerated herein at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at locations that were owned, operated, and managed by Defendants.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiffs and all other hourly-paid, non-exempt employees.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants supervised Plaintiffs' and all other hourly-paid, non-exempt employees' day-to-day activities.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants reviewed Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt employees.

26. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established Plaintiffs' and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiffs and all other hourly-paid, non-exempt employees with work assignments and hours of work.

27. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees similarly utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

28. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiffs' and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

29. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established the terms and conditions of Plaintiffs' and all other hourly-paid, non-exempt employees' employment as stated and identified in, for example, Defendants' corporate-wide "Employee Handbook."

30. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' "Employee Handbook" stated, in part: "If you are a 'non-exempt' Employee and you perform overtime work you will be paid one and one-half (1-1/2) your regular hourly wage for any time worked over 40 hours per week."

## GENERAL ALLEGATIONS

31.     In approximately October 2011, Defendants hired Plaintiff Davis as an hourly-paid, non-exempt employee in the position of Licensed Practical Nurse working at Defendants' "Edenbrook Green Bay" location.

32.     Plaintiff Davis is still currently employed by Defendants.

33.     In approximately October 2020, Defendants hired Plaintiff Collins as an hourly-paid, non-exempt employee in the position of Licensed Practical Nurse working at Defendants' "Edenbrook Green Bay" location.

34.     In approximately June 2021, Plaintiff Collins' employment with Defendants ended.

35.     During the entirety of Plaintiffs' employment with Defendants, Defendants compensated Plaintiffs on an hourly basis and/or with an hourly rate of pay.

36.     During the entirety of Plaintiffs' employment with Defendants, Plaintiffs were non-exempt employees for purposes of the FLSA and WWPCL.

37.     On a daily basis during Plaintiffs' employment with Defendants, Plaintiffs worked alongside other hourly-paid, non-exempt employees as part of Defendants' skilled nursing and assisted living services at Defendants' "Edenbrook Green Bay" location.

38.     On a daily basis during Plaintiffs' employment with Defendants, Plaintiffs performed compensable work at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge as hourly-paid, non-exempt employees at Defendants' "Edenbrook Green Bay" location.

39.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were employed by

Defendants in hourly-paid, non-exempt job positions and performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at physical locations that were owned, operated, and/or managed by Defendants.

40. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiffs and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

42. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and all other hourly-paid, non-exempt employees on a semi-monthly basis via check.

43. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiffs' and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all current and former hourly-paid, non-exempt employees were

subject to Defendants' same unlawful policy, practice, custom, and/or scheme of failing to compensate Plaintiffs and all other hourly-paid, non-exempt employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in duration, in violation of the WWPCL, which resulted in overtime violations of the FLSA.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees for "off the clock" hours worked and work performed each work day and each workweek at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge, in violation of the FLSA and WWPCL.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in their regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

48. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiffs' and all other hourly-paid, non-exempt employees' hours worked each workweek.

50.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained an electronic time-clock system (hereinafter simply "Defendants' electronic timekeeping system") that Plaintiffs and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

51.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

52.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiffs and all other hourly-paid, non-exempt employees.

53.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other hourly-paid, non-exempt employees.

54.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiffs and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendants' electronic timekeeping system at the beginning of their shifts each work day.

57.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their shifts each work day.

58.     Each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants required Plaintiffs and all other hourly-paid, non-exempt employees to record their hours worked and work performed by "clocking in" at the beginning of their shifts (when compensable work commenced) and "clocking out" at the end of their shifts (when compensable work ceased) via Defendants' electronic timekeeping system.

59.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system to record all hours worked and work performed each work day and each workweek.

60.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system were kept, stored, and/or retained by Defendants.

61.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in"

and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by Plaintiffs and all other hourly-paid, non-exempt employees.

62. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek as recorded, reflected, and represented via Defendants' electronic timekeeping system.

63. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' compensation practice applicable to Plaintiffs and all other hourly-paid, non-exempt employees was to round said employees' actual hours worked and/or work performed each work day as recorded, reflected, and represented via Defendants' electronic timekeeping system in intervals of fifteen (15) minutes. Such a practice resulted in Defendants shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendants' electronic timekeeping system. For example, if Plaintiffs arrived to work on any given work day, "clocked in" via Defendants' electronic timekeeping system five (5) minutes prior to their scheduled shift start times, and immediately commenced work, Defendants rounded Plaintiffs' "clock in" times forward to their scheduled shift start times for compensation purposes– to Plaintiffs' detriment and to Defendants' benefit. Likewise, if Plaintiffs "clocked out" via Defendants' electronic timekeeping system on any given work day five (5) minutes after their scheduled shift end times and immediately prior to ceasing work, then

Defendants rounded Plaintiffs' "clock out" times backwards to their scheduled shift end times for compensation purposes – to Plaintiffs' detriment and to Defendants' benefit

64.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and in practice, Defendants' electronic timeclock rounding resulted in it shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift and post-shift compensable work performed by failing to compensate Plaintiffs and all other hourly-paid, non-exempt employees when compensable work commenced each work day (as recorded, reflected, and represented via Defendants' electronic timekeeping system); instead, in practice, Defendants compensated Plaintiffs and all other hourly-paid, non-exempt employees based on the rounded times each workweek via its electronic timekeeping system, to their detriment and to Defendants' benefit.

65.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' compensation policy in practice applicable to Plaintiffs and all other hourly-paid, non-exempt employees was to automatically deduct a thirty (30) minute meal period each work day from said employees' timesheets.

66.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policy in practice was not to compensate Plaintiffs and all other hourly-paid, non-exempt employees for a thirty (30) minute meal period.

67.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods actually lasted less than thirty (30) consecutive minutes in duration.

68.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods actually lasted less than thirty (30) consecutive minutes in duration because said employees' were performing compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction.

69.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or should have known that Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods actually lasted less than thirty (30) consecutive minutes in duration because said employees' were performing compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction.

70.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods were not work-free for at least thirty (30) consecutive minutes in duration.

71.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees did not take and/or were not provided meal periods that lasted at least thirty (30) consecutive minutes in duration.

72.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for on duty meal periods that lasted less than thirty (30) consecutive minutes in duration despite having actual or constructive knowledge that said employees' meal periods that lasted less than thirty (30) consecutive minutes in duration because said employees'

were performing compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction.

73. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and although Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by Plaintiffs and all other hourly-paid, non-exempt employees, not *all* of said employees' hours worked and work performed each work day and each workweek was recorded via Defendants' electronic timekeeping system. Instead, Plaintiffs and all other hourly-paid, non-exempt employees frequently performed compensable work on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit that was not recorded via Defendants' electronic timekeeping system (hereinafter simply, "off-the-clock" work).

74. On approximately a monthly basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed continuing education trainings at home (or remotely) and "off-the-clock."

75. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's policy in practice was to direct, expect, and/or require Plaintiffs and all other hourly-paid, non-exempt employees to perform these continuing education trainings "off-the-clock" by not recording said work and duties performed via Defendants' electronic timekeeping system.

76. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees spent approximately one (1) to five (5) hours per month performing the work and duties described in Paragraph 53, above.

77. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed continuing education trainings at home (or remotely) on Defendants' behalf, with Defendants' knowledge, at with Defendants' direction, and/or for with Defendants' benefit each month without receiving compensation for performing said work and duties.

78. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the hours worked and work performed "off-the-clock" by Plaintiffs and all other hourly-paid, non-exempt employees as described in the aforementioned paragraphs was integral and indispensable to performing their job duties as hourly-paid, non-exempt employees.

79. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for work performed each work day as described herein despite Defendants having an actual and accurate record of said employees' pre-shift and post-shift hours worked and/or work performed via its electronic timekeeping system.

80. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for work performed each work day as described herein despite Defendants having actual or constructive knowledge that said

employees daily meal periods that lasted less than thirty (30) consecutive minutes in duration because said employees' were performing compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction.

81.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for work performed each work day as described herein despite Defendants having actual or constructive knowledge of said employees' "off-the-clock" work.

82.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

83.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

84.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiffs and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

85.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendants suffered or permitted Plaintiffs and all other hourly-paid, non-exempt employees to work without

being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

86. Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

87. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek.

88. Plaintiffs and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

89. Plaintiffs and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

90. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed each work day while "clocked in" via Defendants' electronic timekeeping system. These practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by

Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

91.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, failed to compensate the FLSA Collective for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in duration under the WWPCL. These practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

92.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, failed to compensate the FLSA Collective for "off the clock" hours worked and work performed each work day and each workweek at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge. These practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

93.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a monthly, quarterly, annual, and/or ad hoc basis.

94.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation – such as performance-based and/or attendance-based

monetary bonuses and incentives, awards, and/or other rewards and payments – that Defendants provided to Plaintiffs and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or was announced and known to Plaintiffs and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

95.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to include all forms of non-discretionary compensation – such as monetary bonuses, incentives, awards, and/or other rewards and payments – in Plaintiffs' and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period that the monetary bonuses, incentives, awards, and/or other rewards and payments covered.

96.     The First, Second, Third, and Fourth Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the FLSA Collective.

97.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

98.     Plaintiffs and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked

including overtime compensation. The claims of Plaintiffs as stated herein are the same as those of the FLSA Collective.

99.     Plaintiffs and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

100.     Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiffs and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

101.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' physical locations in areas where postings are normally made.

102.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

103.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

**WWPCL Class (Timeshaving):** All hourly-paid, non-exempt employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked each workweek – at either a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendants' timeshaving practices.

**WWPCL Class (Meal Periods):** All hourly-paid, non-exempt employees employed by Defendants within two (2) years immediately prior to the filing of this Complaint (ECF No. 1) through the date of final judgment who have not been compensated for all hours worked each workweek – at either a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendants' failure to compensate said employees for daily on duty meal periods that lasted less than thirty (30) consecutive minutes in duration.

**WWPCL Class ("Off-The-Clock" Work):** All hourly-paid, non-exempt employees employed by Defendants within two (2) years immediately prior to the filing of this Complaint (ECF No. 1) through the date of final judgment who have not been compensated for all hours worked each workweek – at either a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendants' failure to compensate said employees for "off the clock" hours worked and work performed each work day and each workweek.

**WWPCL Class (Non-Discretionary Compensation):** All hourly-paid, non-exempt employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendants' failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

104.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendants' records. For purposes of notice and

other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

105. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

106. Plaintiffs' claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiffs and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

107. Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Classes and have no interests antagonistic to the Wisconsin Classes. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

108. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons

to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

109.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

110.    Defendants have violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

111.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiffs and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Wisconsin Classes to perform work with Defendants' knowledge or for Defendants' benefit without being properly compensated; (3) Whether Defendants failed to pay Plaintiffs and the Wisconsin Classes for all work Defendants suffered or permitted them to perform each work day and each workweek; (4) Whether Defendants failed to compensate Plaintiffs and the Wisconsin Classes for daily on duty meal periods that lasted less than thirty (30) consecutive minutes in duration; (5) Whether Defendants provided Plaintiffs and the Wisconsin Classes with forms of non-discretionary compensation, and whether Defendants failed to include these forms of non-discretionary compensation in the Wisconsin Classes' regular rates of pay for overtime calculation purposes; and (6) The nature and extent of class-wide injury and the measure of damages for the injury.

112.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime Wages
## <u>(Plaintiffs on behalf of themselves and the FLSA Collective - Timeshaving)</u>

113. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

114. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

115. At all times material herein, Defendants were employers of Plaintiffs and the FLSA Collective as provided under the FLSA.

116. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

117. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

118. Defendants violated the FLSA by suffering or permitting Plaintiffs and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice shaved time from Plaintiffs' and the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendants' electronic timekeeping system. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiffs and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

119.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

120.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

121.     Defendants' failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

122.     Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

123.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiffs on behalf of themselves and the FLSA Collective – Meal Periods)

124. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

125. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

126. At all times material herein, Defendants were employers of Plaintiffs and the FLSA Collective as provided under the FLSA.

127. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

128. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

129. Defendants violated the FLSA by suffering or permitting Plaintiffs and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice failed to compensate Plaintiffs and the FLSA Collective for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in duration, in violation of the WWPCL, which resulted in overtime violations of the FLSA. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiffs and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

130. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

131. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

132. Defendants' failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

133. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

134. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## THIRD CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
#### (Plaintiffs on behalf of themselves and the FLSA Collective – "Off-The-Clock" Work)

135.    Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

136.    At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

137.    At all times material herein, Defendants were employers of Plaintiffs and the FLSA Collective as provided under the FLSA.

138.    At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

139.    Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

140.    Defendants violated the FLSA by suffering or permitting Plaintiffs and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice failed to compensate Plaintiffs and the FLSA Collective for "off the clock" hours worked and work performed each work day and each workweek at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiffs and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

141. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

142. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

143. Defendants' failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

144. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

145. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## FOURTH CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime Wages
## (Plaintiffs on behalf of themselves and the FLSA Collective –
## Non-Discretionary Compensation)

146.     Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

147.     At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

148.     At all times material herein, Defendants were employers of Plaintiffs and the FLSA Collective as provided under the FLSA.

149.     At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

150.     Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

151.     Defendants violated the FLSA by suffering or permitting Plaintiffs and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiffs and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

152.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

153.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

154.    Defendants' failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

155.    Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

156.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## FIFTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiffs, on behalf of themselves and the Wisconsin Class - Timeshaving)

157.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

158.    At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

159.    At all relevant times, Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

160.    At all relevant times, Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

161.    Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

162.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class regular wages and overtime compensation.

163.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiffs' and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendants' electronic timekeeping system each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiffs and the Wisconsin

Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

164.    Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

165.    As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

166.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## SIXTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiffs, on behalf of themselves and the Wisconsin Class – Unpaid Meal Periods)

167.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

168.    At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

169.    At all relevant times, Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

170.    At all relevant times, Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

171.    Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

172.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class regular wages and overtime compensation.

173.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiffs' and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendants' electronic timekeeping system each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiffs and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

174.    Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

175.    As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

176.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**SEVENTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiffs, on behalf of themselves and the Wisconsin Class – "Off-The-Clock" Work)**

177.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

178.    At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

179.    At all relevant times, Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

180.    At all relevant times, Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

181.   Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

182.   At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class regular wages and overtime compensation.

183.   Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiffs and the Wisconsin Class for "off the clock" hours worked and work performed each work day and each workweek at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge, in violation of the WWPCL.

184.   Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

185.   As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

186.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**EIGHTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiffs, on behalf of themselves and the Wisconsin Class –**
**Non-Discretionary Compensation)**

187.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

188.    At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

189.    At all relevant times, Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

190.    At all relevant times, Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

191.    Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

192.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class regular wages and overtime compensation.

193.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and

payments, in Plaintiffs' and the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

194.    Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

195.    As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

196.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**NINTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Regular Wages / Failure to Pay An Agreed-Upon Wage**
**<u>(Plaintiffs, on behalf of themselves and the Wisconsin Class)</u>**

197.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

198.    At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

199. At all relevant times, Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

200. At all relevant times, Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

201. Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

202. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class regular wages and overtime compensation.

203. Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

204. Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

205. Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practices that failed to compensate Plaintiffs and the Wisconsin Classes at their agreed upon regular rate of and/or for each and every hour worked each workweek at a regular rate of pay that did not exceed forty (40) in a workweek by: (1) shaving time (via electronic timeclock rounding) from Plaintiffs' and the Wisconsin Class' weekly

timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants; (2) failing to compensate Plaintiffs and the Wisconsin Class for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in duration; and (3) failing to compensate Plaintiffs and the Wisconsin Class for "off the clock" hours worked and work performed each work day and each workweek at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge.

206.    Defendants willfully failed to pay Plaintiffs and the Wisconsin Class compensation at their agreed upon regular arte of pay and/or for all hours worked each workweek that did not exceed forty (40) hours a workweek, in violation of the WWPCL.

207.    As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

208.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 7th day of July, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com