UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHRISTINE DAVIS and
CINDY COLLINS,
on behalf of themselves and all
others similarly situated,

    Plaintiffs,                                       Case No. 21-cv-823

v.

EDEN SENIOR CARE LLC and
PARKVIEW NURSING AND REHAB, LLC

    Defendants

---

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

---

Plaintiffs, Christine Davis and Cindy Collins (collectively, the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants, Eden Senior Care LLC and Parkview Nursing and Rehab, LLC, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 19-1, "Agreement.")

Accordingly, the parties request that the Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute under the FLSA and the WWPCL;

3. Appoint Named Plaintiffs as Class Representatives for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the parties; and

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims.

**SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION**

On October 15, 2022, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement, (ECF No. 19), and their fully executed Agreement. (ECF No. 19-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendants within three (3) years immediately prior to filing of the Complaint, who received non-discretionary compensation, such as Pick-Up Bonuses, Bonuses, and Sign-On Bonuses in workweeks in which said employees worked in excess of forty (40) hours, and as further identified in Exhibit A to the Agreement.

("Collective Members") (*See* ECF No. 19-1 §§ 1.2, 1.26.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendants within two (2) years immediately prior to filing of the Complaint, who received non-discretionary compensation, such as Pick-Up Bonuses, Bonuses, and Sign-On Bonuses in workweeks in which said employees worked in excess of forty (40) hours, and as further identified in Exhibit A to the Agreement.

("Class Members") (*See* ECF No. 19-1 §§ 1.1, 1.26.)

On October 26, 2022, this Court preliminarily approved the parties' settlement. (ECF No. 20.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiffs' Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Named Plaintiffs as the Class Representatives for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that putative members of the FLSA Collective had thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-in to the FLSA Collective; and

(7) Ordered that putative members of the WWPCL Class had thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class.

The Court has scheduled a Fairness Hearing for Friday, January 27, 2023 at 10:00 a.m. (ECF No. 20.)

On November 5, 2022, Plaintiffs' counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 26.) Putative WWPCL Class members had thirty (30) calendar days after November 5, 2022 – or until December 5, 2022 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, no individuals chose to exclude themselves from the WWPCL Class. (*Id.*) In total, there are sixty-nine (69) individuals who are WWPCL Class Members, including the Named Plaintiffs. (*Id.*)

Likewise, putative FLSA Collective members had thirty (30) calendar days after November 5, 2022 – or until December 5, 2022 – to opt-in to the FLSA Collective (hereinafter simply, the "FLSA Notice Period"). (*Id*. at ¶ 27.) By the end of the FLSA Notice Period, nine (9) individuals chose to opt-in to the FLSA Collective. (*Id.*) Altogether, there are a total of twelve (12) individuals who opted-in to the FLSA collective, including the Named Plaintiffs.[1] (*Id.*)

To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 35.)

## **REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

Upon final approval of the parties' settlement by this Court, Defendants' counsel will provide Plaintiffs' counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 19-1 § 3.5.) Once Plaintiffs' counsel receives the settlement checks from Defendants' counsel, Plaintiffs' counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (Potteiger Decl., ¶ 31.) Plaintiffs' counsel will further undertake reasonable diligence to assure that Settlement Class member whose settlement check is returned to Plaintiffs' counsel as undeliverable is located and the settlement check is resubmitted. (*Id.*) Members of the Settlement Class will have one hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendants). (ECF No. 19-1 §§ 1.24, 2.4, and 3.1(B).)

---

[11] Putative FLSA Collective members Rochelle Cotter and Dominic Voght returned their Opt-In Consent Forms beyond the FLSA Notice Period. (ECF No. 22.) However, the parties have agreed to include Ms. Cotter and Mr. Voght in the FLSA Collective.

# DISCUSSION

## I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir.

1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendants violated the FLSA and the WWPCL as alleged by Plaintiffs, including disputes on the liability of each Defendant as a joint employer, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 17-24.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiffs' cause(s) of action and Defendants' defenses, discussed the monetary and non-monetary terms and conditions of settlement such as timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully-executed Agreement. (ECF No. 19-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiffs' claims against the Defendants under the FLSA and the WWPCL and Defendants' potential exposure. (Potteiger Decl., ¶¶ 17-24.) While Plaintiffs maintain a strong belief in their position on liability, class and collective treatment, and damages, they also recognizes the potential issues on which they would be required to prevail if the case proceeded to trial, including: establishing that Defendants were joint employers; establishing that Defendants had a uniform policy in practice which violated the FLSA or WWPCL; establishing that the WWPCL Class and the FLSA Collective are, in fact, similarly situated to Plaintiffs for purposes of final certification; establishing that Defendants did not act in good faith; and establishing that Defendants willfully violated the FLSA for a three (3) year statute of limitations to apply.

(*Id*. at ¶ 23.) Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiffs' claims, if not bar recovery in total. (*Id*.)

Considering the number of issues faced, Plaintiffs recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, expert witness retention and the filing of certification, de-certification, and dispositive motions together with trial and potentially appellate practice. (*Id*. at ¶ 19.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant further discovery immediately before settlement including depositions and potential engagement of expert witnesses that would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. Even if Plaintiffs were to prevail at trial, there is still the prospect that Defendants would appeal any number of the issues mentioned and only further delay any recovery for Plaintiffs and the Settlement Class. (*Id*.)

Ultimately, Plaintiffs' counsel believes that this is an excellent result for Plaintiffs and the Settlement Class. The monetary value for each individual member of the Settlement Class was determined first by Defendants' counsel by recalculating each Settlement Class members' allegedly unpaid overtime wages in accordance with the methodology expressed by the United States Department of Labor and assuming that all compensation paid was non-discretionary in nature. (*Id*. at ¶ 21.) Plaintiffs' counsel then reviewed Defendants' counsel's audit of Defendants' payroll practices by reviewing actual payroll and time records. (*Id*.) The parties thereafter agreed that these amounts constitute the *full* amount of overtime wages allegedly owed to the Settlement

Class, and, depending upon each putative Settlement Class members' level of participation, the *full* amount of statutory liquidated damages over a two-year statutory period. (*Id*.)

The parties agree that these amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the parties' evaluation of Defendants' payroll and time records and the risks of continued litigation. (*Id*. at ¶ 22.) Beyond this, the Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim. (*Id*.)

To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id*. at ¶ 35.)

### III. PLAINTIFFS' SERVICE AWARD PAYMENTS AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiffs' counsel has filed a Motion for Approval of Plaintiffs' Service Award. (ECF No. 24) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 25) contemporaneously herewith, and Defendants have agreed not to oppose these motions and further agree that the amounts requested are fair and reasonable. (ECF No. 19-1 §§ 3.2(A) and 3.3(A).)

### CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the Named Plaintiffs, WWPCL Class, and FLSA Collective;

3. Appoint Named Plaintiffs as Class Representatives for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Approve the settlement payments to the Settlement Class;

8. Instruct Defendants' counsel to provide Plaintiffs' counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the entry of Judgment;

9. Instruct Plaintiffs' counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendants' counsel;

10. Instruct that the Settlement Class has one hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

11. Grant Plaintiffs' unopposed request for approval of their attorneys' fees and nontaxable costs and expenses in the amount of $26,000.00, which the parties have stipulated and agreed are reasonable; and

12. Grant Plaintiffs' unopposed request for approval their service awards in the amount of $2,000.00, which the parties have stipulated and agreed is reasonable.

Dated this 6th day of January, 2023

| | |
|---|---|
| ***s/ David M. Potteiger*** | ***s/ Keith E. Kopplin*** |
| James A. Walcheske, SBN 1065635 | Keith E. Kopplin, SBN 1044861 |
| Scott S. Luzi, SBN 1067405 | Suzanne M. Watson, SBN 1079803 |
| David M. Potteiger, SBN 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | OGLETREE, DEAKINS, NASH, |
| 235 N. Executive Drive, Suite 240 | SMOAK & STEWART, P.C. |
| Brookfield, Wisconsin 53005 | 1243 North 10th Street, Suite 200 |
| | Milwaukee, Wisconsin 53205 |
| | |
| Telephone: (262) 780-1953 | Telephone: (414) 239-6406 |
| | |
| Email: jwalcheske@walcheskeluzi.com | Email: keith.kopplin@ogletree.com |
| Email: sluzi@walcheskeluzi.com | Email: Suzanne.watson@ogletree.com |
| Email: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |