# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE DAVIS and CINDY COLLINS, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

EDEN SENIOR CARE LLC and PARKVIEW NURSING AND REHAB, LLC,

Defendants.

Case No. 21-CV-823-JPS

**ORDER**

On January 27, 2023, the Court conducted a fairness hearing on the parties' request for final approval of their "Settlement Agreement and Release." ECF No. 30. For the reasons explained at the fairness hearing, the Court will grant the motion for final settlement approval, ECF No. 23, as well as Plaintiffs' motion for attorney's fees and costs, ECF No. 25. The Court also approves of the service awards, and will grant that motion as well. ECF No. 24. As such, the Court will incorporate the terms of the parties' proposed order below.

Accordingly,

**IT IS ORDERED** that the joint motion for final settlement approval, ECF No. 23, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' "Settlement Agreement and Release," ECF No. 19-1, be and the same is hereby **APPROVED** as a fair, reasonable, and adequate resolution of a bona-fide

wage dispute under the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collection Laws ("WWPCL");

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 20, the Rule 23 class defined in the stipulation be and the same is hereby **CERTIFIED**, pursuant to Rule 23(c)(1), for purposes of final disposition. The parties have designated this class as the "WWPCL Class." The Rule 23 Class is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendants within two (2) years immediately prior to filing of the Complaint, who received non-discretionary compensation, such as Pick-Up Bonuses, Bonuses, and Sign-On Bonuses in workweeks in which said employees worked in excess of forty (40) hours, and as further identified in Exhibit A to the Settlement Agreement and Release;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 20, the Section 216(b) Collective be and the same is hereby **CERTIFIED** for purposes of final disposition. The parties have designated this collective as the "FLSA Collective." The Section 216(b) Collective is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendants within three (3) years immediately prior to filing of the Complaint, who received non-discretionary compensation, such as Pick-Up Bonuses, Bonuses, and Sign-On Bonuses in workweeks in which said employees worked in excess of forty (40) hours, and as further identified in Exhibit A to the Settlement Agreement and Release;

Together, the Rule 23 Class/WWPCL Class and Section 216(b) Collective/FLSA Collective are referred to as the "Settlement Class";

**IT IS FURTHER ORDERED** that the parties' "Settlement Agreement and Release" is fair, reasonable, and adequate as it applies to the Settlement Class;

**IT IS FURTHER ORDERED** that Christine Davis and Cindy Collins be and the same are hereby appointed as Class Representatives for the Settlement Class;

**IT IS FURTHER ORDERED** that Walcheske & Luzi, LLC be and the same is hereby appointed as Class Counsel of the Settlement Class;

**IT IS FURTHER ORDERED** that the "Settlement Agreement and Release" is binding on the parties;

**IT IS FURTHER ORDERED** that the Settlement Class Members' claims in the above-captioned litigation and those released in the "Settlement Agreement and Release" be and the same are hereby **RELEASED** and **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the issuance of settlement payments to the Settlement Class be and the same is hereby **APPROVED**;

**IT IS FURTHER ORDERED** that:

1. Counsel for Defendants shall provide counsel for Plaintiffs with settlement checks for the Settlement Class within **thirty (30) days** of entry of judgment in this case;

2. Upon receipt of the settlement checks from counsel for Defendants, Counsel for Plaintiffs shall send the settlement checks to the Settlement Class via U.S. Mail;

3. Upon each Settlement Class Member's receipt of his or her individual settlement check, he or she shall have **one hundred and twenty (120) days** to cash his or her individual settlement check;

4. If a Settlement Class Member does not cash his or her individual settlement check within **one hundred and twenty (120) days** of receiving it, the check and amount will revert to and be retained by Defendants;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for approval of service awards, ECF No. 24, in the amount of $2,000.00 each to Plaintiffs Christine Davis and Cindy Collins, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for approval of attorneys' fees and costs, ECF No. 25, in the amount of $26,000.00, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge